IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | |
|---|---|
| ANTHONY HICKS, | § |
| | § |
| Plaintiff, | § |
| | § Civil Action No. 3:18-CV-0586-D |
| VS. | § |
| | § |
| R.H. LENDING, INC., d/b/a Residential Home Lending, et al., | § |
| | § |
| | § |
| Defendants. | § |

MEMORANDUM OPINION
AND ORDER

Following a bench trial and entry of an adverse judgment, plaintiff Anthony Hicks ("Hicks") moves for a new trial under Fed. R. Civ. P. 59(a)(1)(B).[1] For the reasons explained, the court denies the motion.

I

Because the court has already recited the relevant background facts in a prior opinion, *see Hicks v. R.H. Lending, Inc.*, 2019 WL 1556101, at *1 (N.D. Tex. Apr. 10, 2019) (Fitzwater, J.) (*Hicks I*), it need not recount the background facts at length. The court will instead set out the background facts and procedural history necessary to understand the present decision.

Hicks filed suit against defendants Ocwen Loan Servicing, LLC and Wells Fargo

---

[1]Although Hicks did not specify the subsection of Rule 59 under which he seeks relief, the court addresses his motion under Rule 59(a)(1)(B), which provides grounds for a new trial following a nonjury trial.

Bank, National Association, As Trustee For Option One Mortgage Loan Trust 2007-4, Asset-Backed Certificates, Series 2007-4 ("Wells Fargo"), alleging, *inter alia*, that defendants violated the Texas Debt Collection Practices Act, Tex. Fin. Code Ann. §§ 392.001-.404 (West 2016).  Based on inconsistencies in the chain of assignments, Hicks alleged that defendants lacked capacity to foreclose and therefore any attempts to foreclose violated § 392.301(a)(8), which prohibits debt collectors from "threatening to take an action prohibited by law."  In *Hicks I* the court granted in part and denied in part defendants' motion for summary judgment as to all claims but Hicks's § 392.301(a)(8) claim, which remained to be litigated.  On February 20, 2020 the parties tried this remaining claim in a bench trial.  After all parties rested, the court found that Hicks had not proved his claim, and it entered judgment for defendants.  On March 19, 2020 Hicks filed the instant motion for new trial.

II

A

Under Rule 59(a)(1)(B), a court can grant a new trial "after a nonjury trial[] for any reason for which a rehearing has heretofore been granted in a suit in equity in federal court." Rule 59(a)(1)(B).  "A motion for a new trial in a nonjury case . . . should be based upon a manifest error of law or mistake of fact, and a judgment should not be set aside except for substantial reasons." *Isystems v. Spark Networks Ltd.*, 2015 WL 13469855, at *1 (N.D. Tex. Jan. 13, 2015) (Godbey, J) (quoting *Preston Expl. Co., LP v. GSP, LLC*, 2012 WL 6048947, at *3 (S.D. Tex. 2012), *aff'd*, 566 Fed. Appx. 318 (5th Cir. 2014)).  "Courts do not grant new trials unless it is reasonably clear that prejudicial error has crept into the record or that

substantial justice has not been done, and the burden of showing harmful error rests on the party seeking the new trial." *Sibley v. Lemaire*, 184 F.3d 481, 487 (5th Cir. 1999) (quoting *Del Rio Distrib., Inc. v. Adolph Coors Co.*, 589 F.2d 176, 179 n.3 (5th Cir. 1979)).  Whether to grant or deny the motion is within "the sound discretion of the trial court[.]" *Id.*

B

Hicks moves for a new trial based on the alleged inconsistent testimony of defendants' witness, Benjamin Verdooren ("Verdooren"), and the court's exclusion of Hicks's sole exhibit.  Hicks maintains that Verdooren "testified to a chain of indorsement of the Note that was inconsistent with the chain of assignment of the Loan of record," and that "his testimony concerning custody of the original Note appeared to be inconsistent with the requirement that the trustee of the Option One Mortgage Loan Trust 2007-4 maintain custody."  P. Mot. 1. Hicks also contends that the court admitted into evidence his sole exhibit, which purported to show "the variance between the chains of Note indorsement and assignment of lien," but then "appeared . . . to exclude such exhibit after it was already admitted." *Id.* at 2.

Defendants respond that Hicks has failed to identify a "manifest error of law" that would require a new trial.  Ds. Resp. 2.  They maintain that the Note, which was admitted in evidence, contains a special indorsement by allonge in favor of Wells Fargo, and that Verdooren's "uncontroverted testimony was that Defendants are in physical possession of [the] original note." *Id.* at 6.  Thus they contend that because they are holders of the Note, any defects in the deed assignment are irrelevant under Texas law.  They also contend that any exclusion of Hicks's sole exhibit was proper because it lacked foundation.  Hicks has not

- 3 -

filed a reply brief,[2] and his motion for new trial is ripe for decision.

C

Hicks has not carried his burden to demonstrate that the court made any substantive error. "[W]hen the foreclosing party is the holder of the promissory note, any defects in the Deed assignment are irrelevant." *SGK Props., L.L.C. v. U.S. Bank Nat'l Ass'n*, 881 F.3d 933, 942 (5th Cir. 2018) (citing *Antony v. United Midwest Sav. Bank*, 2016 WL 914975, at *3 (S.D. Tex. Mar. 10, 2016) (Rosenthal, J.)). In other words, a holder[3] of the note is entitled to foreclose on a property "even if the assignment of the Deed of Trust was void." *Id.*; *see also Kiggundu v. Mortg. Elec. Registration Sys. Inc.*, 469 Fed. Appx. 330, 331-32 (5th Cir. 2012) (per curiam) ("It was sufficient for the Bank of New York to establish that it was in possession of the note; it was not required to show that the deed of trust had been assigned to it.").

At trial, defendants' evidence demonstrated that they are the holder in physical

---

[2] Defendants filed their response to Hicks's motion on April 8, 2020. Under N.D. Tex. Civ. R. 7.1(f), Hicks's reply brief, if he opted to file one, was due on April 22, 2020.

[3] A holder is "the person in possession of a negotiable instrument that is payable either to bearer or to an identified person that is the person in possession." Tex. Bus. & Com. Code Ann. § 1.201(b)(21)(A) (West 2015). "In other words, '[a] person can become the holder of an instrument when the instrument is issued to that person; or he can become a holder by negotiation.'" *SGK Props., L.L.C.*, 881 F.3d at 941 (quoting *Leavings v. Mills*, 175 S.W.3d 301, 309 (Tex. App. 2004)). "For instruments made 'payable to an identified person,' that person becomes a 'holder by negotiation' through a 'transfer of possession of the instrument and its indorsement by the holder.'" *Id.* (quoting Tex. Bus. & Com. Code Ann. § 3.201(b)). An indorsement is legally acceptable where it is "'written by or on behalf of the holder and on the instrument or on a paper so firmly affixed to it as to become part of it,' such as a firmly affixed allonge." *Id.* (quoting *Leavings*, 175 S.W.3d at 309).

possession of the Note, which is specially indorsed by allonge in favor of Wells Fargo, and that they therefore have capacity to foreclose. Hicks offered no admissible evidence to negate this evidence. Because Hicks "failed to demonstrate any significant legal defect in the chain of indorsement of the note[] at issue in this case," or otherwise demonstrate that defendants were not in possession of the Note, he failed to identify "any legal obstacle to foreclosure." *Farkas v. Chase Home Fin. LLC*, 2012 WL 13136084, at *3 (W.D. Tex. Jan. 11, 2012). For this reason, any argument "attack[ing] the validity of the assignment of the mortgage document," i.e., the deed of trust, including any discrepancies between the chain of indorsement and the chain of assignment, is now "beside the point." *Kiggundu*, 469 Fed. Appx. at 332.

Hicks's contention that the court erred in excluding his sole exhibit is likewise beside the point. Had the court admitted the document in evidence, the result would be the same. The court would have found that the evidence defendants offered in their case-in-chief was entitled to greater weight, that this evidence disproved Hicks's claim, and that defendants were entitled to relief on the merits of the claim. Thus, even assuming *arguendo* that the court erred in excluding Hicks's sole exhibit, such an error would not entitle Hicks to a new trial.

* * *

For the reasons explained, the court denies Hicks's motion for new trial.

**SO ORDERED**.

April 29, 2020.

_____
SIDNEY A. FITZWATER
SENIOR JUDGE